# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| PROMISE HEALTHCARE GROUP, LLC, *et al.*, | ) Case No. 18-12491 (CSS) ) |
| Debtor. | ) ) |
| ROBERT MICHAELSON OF ADVISORY TRUST GROUP, LLC in his Capacity as LIQUIDATING TRUSTEE OF THE PROMISE HEALTHCARE GROUP LIQUIDATING TRUST, | ) ) ) ) Adv. Proc. No. 20-50977 (CSS) ) ) |
| Plaintiff, | ) |
| v. | ) |
| WILLIS-KNIGHTON MEDICAL CENTER d/b/a WILLIS-KNIGHTON HEALTH SYSTEM, | ) ) ) |
| Defendant. | ) ) |

## ANSWER TO COMPLAINT

Defendant Willis-Knighton Medical Center d/b/a Willis-Knighton Health System ("Willis-Knighton"), by and through its undersigned counsel, hereby answers and asserts affirmative defenses (the "Answer") to the *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 502(d), 547 & 550 and Objection to Scheduled Claim* [Adv. D.I. 1] (the "Complaint") filed by Plaintiff Robert Michaelson of Advisory Group, LLC (the "Plaintiff"), in his Capacity as Liquidating Trustee of the Promise Healthcare Group Liquidating Trust (the "Debtors") and states the following in support of the Answer:

## THE PARTIES

1. The allegations contained in paragraph 1 of the Complaint are admitted.

2. Willis-Knighton lacks information sufficient to form a belief regarding the veracity of the allegations contained in paragraph 2, and accordingly denies the same.

{1313.001-W0064222.}

3. Willis-Knighton lacks information sufficient to form a belief regarding the veracity of the allegations contained in paragraph 3, and accordingly denies the same.

4. The allegations contained in paragraph 4 of the Complaint are admitted.

## JURISDICTION AND VENUE

5. Paragraph 5 of the Complaint contains Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is required, Willis-Knighton denies the allegations of paragraph 5.

6. Paragraph 6 of the Complaint contains Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is required, Willis-Knighton denies the allegations of paragraph 6.

7. Paragraph 7 of the Complaint contains Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is required, Willis-Knighton states that it does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution, and Willis-Knighton demands a trial by jury in this proceeding.

8. Paragraph 8 of the Complaint contains Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is required, Willis-Knighton denies the allegations of paragraph 8.

## BASIS FOR RELIEF REQUESTED

9. Willis-Knighton lacks information sufficient to form a belief regarding the veracity of the allegations contained in paragraph 9, and accordingly denies the same.

**FACTS**

10.     Admitted that Willis-Knighton provided goods and/or services to the Debtors. The remaining allegations contained in this paragraph and Exhibit 1 are denied.

11.     Denied.

12.      Paragraph 12 of the Complaint contains Plaintiff's characterizations and legal conclusions, to which no response is required.

13.     Admitted that the Debtors scheduled a claim for amounts owed to Willis-Knighton.

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Preferential Transfers – 11 U.S.C. § 547)**

14.     Willis-Knighton incorporates the foregoing paragraphs as if each paragraph was set forth in its entirety herein.

15.     Admitted that the Debtors made transfers to Willis-Knighton prior to the Petition Date. The remaining allegations contained in paragraph 15 and Exhibit 1 are denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

## SECOND CLAIM FOR RELIEF
### (For Recovery of Property – 11 U.S.C. § 550)

24. Willis-Knighton incorporates the foregoing paragraphs as if each paragraph was set forth in its entirety herein.

25. Denied.

26. Denied.

## THIRD CLAIM FOR RELIEF
### (Objection to Scheduled Claim—Disallowance under 11 U.S.C. § 502(d)

27. Willis-Knighton incorporates the foregoing paragraphs as if each paragraph was set forth in its entirety herein.

28. Paragraph 28 of the Complaint contains Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is required, Willis-Knighton denies the allegations of paragraph 28.

29. Denied.

30. Denied.

## AFFIRMATIVE DEFENSES

Willis-Knighton reserves all of its rights against any third parties for any and all claims, damages, or costs arising out of or related to the Complaint. Additionally, and without prejudice to its denials of the allegations in the Complaint and specifically disclaiming assumption of the burden of proof for any matter which operates as a negative defense rather than an affirmative defense, Willis-Knighton states as and for its affirmative defenses, without waiver of the obligation of Plaintiff to prove each and every element of its claims, and pleading in the alternative, as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint should be dismissed for failure to state a claim against Willis-Knighton upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The claims alleged in the Complaint are barred or reduced by the doctrines of setoff and/or recoupment.

**THIRD AFFIRMATIVE DEFENSE**

Willis-Knighton denies that it received any transfer from the Debtors that could be avoided as a preference under 11 U.S.C. § 547. Subject to, and without waiving its denial to having received any preferential transfer, to the extent that the Plaintiff is able to prove that any transfer was made to Willis-Knighton during the preference period, any such transfer may not be avoided because, pursuant to 11 U.S.C. § 547(c)(2), any and all transfers received were made in payment of debts incurred by the Debtors in the ordinary course of business or financial affairs, and the transfers were made in the ordinary course of business or financial affairs of the Debtors and defendants.

**FOURTH AFFIRMATIVE DEFENSE**

Willis-Knighton denies that it received any transfer from the Debtors that could be avoided as a preference under 11 U.S.C. § 547. Subject to, and without waiving its denial to having received any preferential transfer, to the extent that the Plaintiff is able to prove that any transfer was made to Willis-Knighton during the preference period, any such transfer may not be avoided because, pursuant to 11 U.S.C. § 547(c)(2), any and all transfers received were made in payment of debts incurred by the Debtors in the ordinary course of business or financial affairs, and the transfers were made according to ordinary business terms.

## FIFTH AFFIRMATIVE DEFENSE

The alleged transfers are not avoidable because they were intended to be, and in fact were, substantially contemporaneous exchanges of new value within the meaning of 11 U.S.C. § 547(c)(1).

## SIXTH AFFIRMATIVE DEFENSE

Willis-Knighton denies that it received any transfer from the Debtors that could be avoided as a preference under 11 U.S.C. § 547. Subject to, and without waiving its denial to having received any preferential transfer, to the extent that the Plaintiff is able to prove that any transfer was made to Willis-Knighton during the preference period, any such transfer may not be avoided because, pursuant to 11 U.S.C. § 547(c)(4), subsequent to each transfer, the Debtors received new value from defendants, not secured by an otherwise unavoidable security interest, and on account of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of the defendants.

## SEVENTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred by the defense of earmarking.

## EIGHTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred because the Debtors were solvent at the time the alleged transfers were made.

## NINTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred or reduced by the doctrines of accord and satisfaction, waiver, release, laches, unclean hands and/or estoppel.

### TENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed to the extent the Plaintiff lacks standing to bring the claims in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred by the applicable statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent that a contract existed between Willis-Knighton and the Debtor, and was assumed, or assumed and assigned, by the Plaintiff or the Debtors under 11 U.S.C. § 365, the Plaintiff is estopped from pursuing the claims asserted in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent the Willis-Knighton held a statutory, inchoate, or other lien relating to the work performed and/or material provided, the alleged transfers are not avoidable.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent the transfers alleged in the Complaint occurred and Willis-Knighton acted as a conduit between the Debtors and a third party not having dominion or control over the transfers, Willis-Knighton was not an "initial transferee," "mediate transferee," or "immediate transferee" pursuant to section 550 of the Bankruptcy Code. Therefore, such transfers are not subject to avoidance.

### RESERVATION OF RIGHTS

Willis-Knighton expressly reserves its rights to amend this Answer to plead other defenses and/or claims as may become apparent through discovery, or otherwise, in this proceeding.

WHEREFORE, Willis-Knighton respectfully requests that the Court: (a) dismiss the Complaint, with prejudice, and render judgment in favor of Willis-Knighton, (b) deny Plaintiff interest, costs, and expenses, (c) award Willis-Knighton the costs and expenses (including reasonable attorneys' fees) incurred by it in defending against the Complaint; and (d) award Willis-Knighton such other and further relief as is just and appropriate.

Dated: March 1, 2021                    **LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Kerri K. Mumford (No. 4186)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: mumford@lrclaw.com
           pierce@lrclaw.com

*Counsel to Willis-Knighton Medical Center d/b/a Willis-Knighton Health System*